IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Andre D. Rice, Sr., | Case No. 3:07 CV 1625 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Lucas County Correction Center, et al., | |
| Defendants. | |

On June 1, 2007, *pro se* Plaintiff filed this action under 42 U.S.C. § 1983 against the Lucas County Correctional Center ("LCCC"), Lucas County Sheriff James Telb, LCCC Administrator Jim O'Neal, LCCC Corrections Officer Arrington, LCCC Nurse Jane Doe, and LCCC employee Debbie Decola. In the Complaint, Plaintiff claims these Defendants negligently maintained the LCCC and were deliberately indifferent to his serious medical needs. He seeks $12,500,000 for "pain and suffering, physical, mental, emotional anguish and undue stress and hardship" (Compl. at 7).

## BACKGROUND

Plaintiff alleges he slipped and fell in a puddle of water outside his cell on the morning of September 24, 2006, striking his head on the floor and losing consciousness. He states he was awakened by Corrections Officer Arrington who attempted to return Plaintiff to his feet, but he was still dizzy and once again lost his balance on the slippery floor. Officer Arrington then placed Plaintiff in a sitting position and requested medical assistance.

Nurse Jane Doe responded to the call, examined Plaintiff and told him he would be taken to his cell and transported from there to the LCCC medical unit. She advised that it may take a few hours to get him to the medical unit. Plaintiff asked to be taken to the hospital but she denied his request. He remained in his cell bed for several days and was not moved to the medical unit.

Although he made several requests to be seen by a doctor, it was not until an LCCC Counselor intervened that Plaintiff received an appointment with a doctor three days after his fall. He was given medication and returned to his cell where he remained in bed until he was transferred from the LCCC on October 5, 2006.

Plaintiff asserts Defendants were negligent in their maintenance of the facility. Specifically, he claims Officer Arrington walked along the corridors of his unit at night and should have noticed the puddle of water accumulating outside Plaintiff's cell, that Officer Arrington failed to warn inmates of the standing water and made no effort to clean up the water. He further contends the LCCC medical staff was deliberately indifferent to his serious medical needs and that he was denied a prompt appointment with a doctor which resulted in undue pain and suffering.

## ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

(1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, there are no allegations in the Complaint that pertain to Debbie Decola, James Telb, or Jim O'Neal. A plaintiff cannot establish the liability of a defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The Complaint simply contains no facts which reasonably associate these particular Defendants to any of Plaintiff's claims.

It appears that James Telb may have been named as a defendant in this action simply because, as the Sheriff of Lucas County, he is the supervisor of LCCC. "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior. *Id.* Liability must lie therefore upon more than a mere right to control employees and cannot rely on simple negligence. *Id.* Plaintiff must prove that Sheriff Telb did more than play a passive role in the alleged violations or show mere tacit approval of jail activities. *Id.* Rather, he must show that the Sheriff somehow encouraged or condoned the actions of subordinate jail officials. *Id.*; *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). There are no allegations in the Complaint which reasonably suggest that Sheriff Telb actively participated in the alleged misconduct.

The only mention of Jim O'Neal and Debbie Decola in the Complaint occurs where Plaintiff alleges he received "no answer to my grievance" (Compl. at 2). To the extent Plaintiff is asserting that the failure to answer a grievance is an Eighth Amendment violation, this claim is without merit. The mere denial of a prisoner's grievance states no claim of constitutional dimension. *See Martin v.*

3

*Harvey*, No. 00-1439, 2001 WL 669983, at *2 (6th Cir. June 7, 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (as against defendants whose only involvement was the denial of administrative remedies, "[t]here [was] no allegation that any of these defendants directly participated . . . in the claimed . . . acts. . . ."). The claims against O'Neal and Decola are therefore dismissed.

Plaintiff's remaining claims assert violations of the Eighth Amendment. Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To establish that certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment, a plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMilian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mere negligence will not suffice. *Id.* at 835-36. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Id.* at 834.

Plaintiff fails to allege facts which rise to the level of an Eighth Amendment violation. There is no suggestion that either Nurse Jane Doe or Officer Arrington acted with a sufficiently culpable state of mind. At best, Plaintiff contends that Officer Arrington was negligent in failing to warn him about the water in the corridor or that the Officer was negligent in trying to move Plaintiff after he

4

fell. Neither of these actions suggests that the Officer acted with "criminal recklessness" by consciously disregarding a substantial risk of serious harm. Similarly Nurse Doe examined Plaintiff at the scene of the fall and determined that immediate transport to a hospital emergency room was unnecessary. That decision, at best, may be considered to have been negligent; however, there is nothing in the Complaint which could be construed as deliberate indifference by Nurse Doe.

Although allegations of negligence will not support an action under 42 U.S.C. § 1983, they may state a cause of action under state tort law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, enjoys discretion in hearing state-law matters. *Id.* at 726. In cases where the federal-law claims are dismissed before trial, the state-law claims should also be dismissed. *Id.* Having dismissed Plaintiff's federal-law claims, this Court declines jurisdiction to hear any negligence claims asserted against Nurse Doe or Officer Arrington. Those claims are therefore dismissed without prejudice.

## CONCLUSION

This case is dismissed pursuant to 28 U.S.C. §1915(e) which provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 15, 2007

5